438   WISCONSIN REPORTS.

Conover vs. The Board of Supervisors of Washington County.

SAMUEL S. CONOVER, Plaintiff in Error,

*vs.*

THE BOARD OF SUPERVISORS OF WASHINGTON COUNTY.

ERROR TO WASHINGTON CIRCUIT COURT.

An appeal lies from the decision of the county board of supervisors, disallowing an amount in whole or in part, to the Circuit Court of the proper county.

To take an appeal from the decision of the board of supervisors, disallowing an account, it is necessary, among other things, for the appellant to execute a bond to the county to be approved by the clerk of said board, conditioned for the faithful prosecution of the appeal and to pay all costs which may be adjudged against him, &c.

The statute requiring such bond does not prescribe any particular form of expression for the bond, but if it substantially conforms to the statute it is sufficient.

What is a sufficient bond for appeal in such matter, see case and the form set out.

THIS was an appeal from the decision of the board of super visors of Washington county, disallowing an account of the plaintiff, taken to the Circuit Court.

The amount was presented to the board of supervisors, duly verified as required by statute, and was disallowed on the 29th day of November, 1853, and on the 18th day of December, 1853, the plaintiff took an appeal by causing a written notice of appeal to be served on the clerk of said board; and also by executing a bond to the county with security as required by the statute, and approved by the clerk of the board, which said bond was in the following form:

" We, Samuel S. Conover and Robert Wasson, jr., of the city and county of Milwaukee and state of Wisconsin, acknowledge ourselves to owe and be indebted to the county of Washington in said state, in the sum of one hundred dollars, to be levied of our several goods and chattels, lands and tenements to the use of said county of Washington, if default be made in the condition following, to wit:

" Whereas, the said Samuel S. Conover has appealed from the decision of the board of supervisors of the county of Washington,

to the Circuit Court of said county, upon a bill or claim presented by him to said board, marked "No. 142," which claim was disallowed by said board on the 29th day of November, 1855, during its annual session held in November, 1855; now the condition of this obligation is such, that if the said Samuel S. Conover shall faithfully prosecute his said appeal and pay all costs that shall be adjudged against him, the said appellant, then this obligation to be void, otherwise of force."

Which was duly signed and sealed by the obligors, and acknowledged before George H. Scarrett, a notary public, residing in Milwaukee county. Both the obligors justified their responsibility and the bond was approved by the clerk of the board of supervisors of Washington county.

Afterwards, at the April term of the Circuit Court, the counsel for the appellee moved to dismiss the appeal, on the ground of insufficiency of the bond, and because said court had no jurisdiction of the appeal. This motion was sustained and the appeal dismissed, to which ruling the plaintiff excepted.

*Butler & Buttrick*, for the plaintiff in error,

Insisted that the plaintiff pursued the requirements of the statute in every respect in taking his appeal, and the court below erred in dismissing the appeal for want of jurisdiction; that is, for want of a sufficient bond.

The law does not require any particular set form of words as necessary to create a bond or obligation; but any words which declare the intention of the party, and denote his being bound, are sufficient. 7 *Bacon's Abr. tit. Obligation*, 241, 242; *id.* 242 *et seq.*; 5 *Com. Dig. tit. Obligation*, 191 *et seq.*

But in this case the bond is full, formal and strictly conforms to the language of the statute under which it was given.

*Lakin, Steever & Thorp*, for the defendant in error.

The remedy sought to be pursued in this case is the creature of the statute, and the statute should have been strictly pursued. Among the requirements of the statute is one that the appellant shall "execute a *bond* to such county, with sufficient security."

Without a compliance with the statute there could be no appeal, and the Circuit Court could acquire no jurisdiction. The term "bond" has a clear, specific and definite signification in the law, and is to be distinguished from a recognizance. The instrument filed in this case is not a "*bond with security,*" but is probably a recognizance. It is not to the county by its corporate name, but the "county of Washington." The obligee should be "the board of supervisors of the county of Washington."

As to what is a bond, and what a recognizance, see 2 *Ch. Black.* 340, 341.

Without a strict compliance with the statute the court below could not take cognizance of the appeal. *Clark & Rice vs. Bowers,* 2 *Wis. Rep.* 123; *Petton vs. Bloomingrove,* 3 *id.* 310; *Clark vs. Mills,* 2 *Chand.* 94; *Brown vs. Platt & Moore,* 4 *id.* 32; *Varney vs. Caswell,* 3 *Wis. Rep.* 744.

So a recognizance taken for a purpose not authorized by law, is void, and cannot be substituted for a bond when the latter is required by the statute. *Harrington vs. Brown,* 7 *Pick.* 232; *Commonwealth vs. Loveridge,* 11 *Mass.* 337; *Vose vs. Deane,* 7 *id.* 280; *Dow vs. Prescott,* 12 *id.* 419; *Commonwealth vs. Otis,* 16 *id.* 198; *Merrill vs. Prince,* 7 *id.* 394; *Johnson vs. Randall,* 7 *id.* 340.

*By the Court,* COLE, J. This was an appeal from a decision of the board of supervisors of Washington county, disallowing an account of the plaintiff in error against the county. The Circuit Court dismissed the appeal, and the case is brought to this court upon a writ of error, and a stipulation in lieu of a bill of exceptions.

We do not clearly understand for what reasons the Circuit Court dismissed the appeal. Conover seems to have complied with the statute in taking it. It is suggested on the brief of the plaintiff in error, as well as in the "case" made, that the Circuit Court considered the appeal bond insufficient. We have there-

fore examined the bond, but can see no good objection to it. The Revised Statutes (*chapter* 10, § 35), requires a person appealing from a decision of the county board of supervisors disallowing a claim in whole or in part, among other things, to give a bond to the county with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant by the court.

The statute does not prescribe any particular form of expression for the bond, and the one under consideration must be deemed sufficient. Its condition is in the very language of the statute, and it is approved by the clerk of the county board of supervisors.

Perceiving, therefore, no valid objection to the bond, and as the appeal in other respects appears to have been regular and proper, we must consider the ruling of the Circuit Court in dismissing it as erroneous.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings according to law.