American Cement Machine Company, Appellant, vs. City of Madison, Respondent.

*April 12—April 29, 1913.*

*Municipal corporations: Claims: Appeal from disallowance: Sufficiency of bond.*

1. Where a city charter requires one taking an appeal from the disallowance of a claim by the council to execute "a bond to the said city with sufficient surety . . . conditioned for . . . the payment of all costs that shall be adjudged against the appellant," a bond executed for a definite sum, if otherwise in accordance with the requirement, is a substantial compliance with the charter and sufficient to confer jurisdiction on the appellate court, provided the sum for which it is given is large enough to secure payment of any judgment for costs which, in the ordinary course, the city might obtain.

2. If, in such a case, an unusual contingency arises causing an amount of costs in excess of the bond to be incurred, recoverable by the city, the court, under sec. 4281m, Stats., may protect the city by requiring the appellant to give a new bond.

Appeal from an order of the circuit court for Dane county: E. Ray Stevens, Circuit Judge. *Reversed.*

This is an appeal from an order dismissing an appeal taken by the *American Cement Machine Company* from the disallowance by the common council of the city of *Madison* of a claim filed by the plaintiff with the city clerk of the city. The appeal from the disallowance by the city council was taken, by the service of a proper notice, to the circuit court for Dane county, and a bond was filed with the city clerk to cover the costs of the action.

The city attorney moved for dismissal of the appeal upon the ground that the bond was not sufficient under the provisions of the city charter of the city of *Madison*. The charter provision governing such an appeal is sec. 28 of ch. VII of the charter and reads as follows:

"When any claim of any person against the city shall be disallowed in whole or in part by the common council, such

person may appeal from the decision of the council disallow-ing such claim to the circuit court of the county of Dane, by causing a written notice of such appeal to be served on the clerk of said city within twenty days after the making of such decision, and executing a bond to the said city with sufficient surety, to be approved by the said clerk, conditioned for the faithful prosecution of such appeal and the payment of all costs that shall be adjudged against the appellant by the court. . . ."

The part of the bond executed and filed in the action by the claimant which is material to this appeal is as follows:

"Know all men by these presents that we, the *American Cement Machine Company,* principal, and the Equitable Surety Company, surety, are held and firmly bound to the city of *Madison,* a municipal corporation of Wisconsin, in the sum of $500, lawful money of the United States, to be paid to the said city of *Madison* or its assigns, for which pay-ment well and truly to be made, we bind ourselves and our assigns, jointly and severally, firmly by these presents. Sealed with our seals and dated this 2d day of October, 1912. . . .

"Now the condition hereof is such that if the said *Ameri-can Cement Machine Company* shall faithfully prosecute such appeal and pay all of the costs that shall be adjudged against the appellant by the court on said appeal, then this obliga-tion shall be void, otherwise of force."

The lower court dismissed the appeal and the action on the grounds that the appeal bond did not comply with the require-ments of sec. 28 of ch. VII of the city charter. This is an appeal from the order dismissing such appeal and the action.

For the appellant there was a brief by *Welton & Marks,* and oral argument by *C. E. Marks.*

*William Ryan,* for the respondent.

SIEBECKER, J. The appeal bond is assailed for want of its compliance with the charter provision prescribing the conditions for appealing from the disallowance of a claim against the city. The charter provisions conferring on the

claimant the right of appeal from the disallowance of a claim against the city require the service of a written notice of appeal on the city clerk and the execution of a bond with sureties conditioned for a faithful prosecution of the appeal and "the payment of all costs that shall be adjudged against the appellant by the court." The appellant executed a bond in the penal sum of $500 which was approved by the city clerk.

It is asserted that this bond is fatally defective in that the liability of the obligation is limited to $500, which it is claimed may prove insufficient to pay all costs for which appellant may be adjudged to be liable in prosecuting this appeal, and that the bond for this reason is not a substantial compliance with the charter provision. The charter specifically prescribes that the obligation shall be a bond. In its ordinary signification this means that a certain sum is to be specified expressing the obligation of the parties. The question naturally arises, Is a bond for a definite sum, like the one in question, within the contemplation of the charter provision, and, if so, is this bond a substantial compliance therewith? A bond, as ordinarily understood, implies that the obligors bind themselves to pay a certain sum upon condition that it shall be payable if it is breached. If the charter provisions permit that the bond required may be executed for a certain sum, then this bond is sufficient. In the case of *Conover v. Washington Co.* 5 Wis. 438, an appeal bond executed in the sum of $100 and conditioned that the claimant, who had appealed from the disallowance of a claim against the county to the circuit court, should faithfully "prosecute his said appeal and pay all costs that shall be adjudged against him," was held to comply with a statute requiring an appeal bond upon the same terms as the charter provisions in this case prescribe. The circuit court in that case dismissed the appeal for insufficiency of the bond; but on appeal to this court it was held that it substantially met the calls of the statutory requirements and was held to be sufficient. The de-

cision, obviously, was based on the principle that if such a bond was sufficient in amount to secure payment of all costs that would ordinarily and customarily be incurred by the county in such litigation, then it was a substantial compliance with the statute and thus conferred jurisdiction on the circuit court.

Can the bond in the instant case be so considered? As we have seen, it conforms to the statutory language in its conditions and no objection exists against it in that respect. The penal amount is fixed at $500. In the ordinary course of prosecuting this appeal this sum is sufficient to pay all costs to which the city would be entitled in the circuit court if appellant is unsuccessful in the prosecution of its claim. From the nature of the claim the amount of the bond will practically assure the city of the payment of any judgment it may obtain for costs in the circuit court. Under the circumstances a bond in that amount is a substantial compliance with the city charter and is sufficient to confer jurisdiction of the claim on the circuit court. It is suggested that some unusual exigencies might arise in the prosecution of the claim causing an amount of costs in excess of the bond to be incurred by the city and recoverable in the action. When such a contingency arises, the court is given power to inquire whether the bond has become insufficient, and, if found necessary, it can protect the city by requiring the appellant to give a new bond to indemnify it against any such threatened loss in the prosecution of the claim. See sec. 4281m, Stats. It is considered that the bond in question complies with the charter provisions; that it is sufficient; and that the court erred in dismissing the appeal and the action.

*By the Court.*—The order appealed from is reversed.