VEREX ASSURANCE, INC., a domestic insurance corporation, Plaintiff-Respondent,

v.

AABREC, INC., a Wisconsin corporation, Sheboygan County, and State of Wisconsin, Defendants,

Carl H. KIELISCH, Defendant-Appellant.

Court of Appeals

*No. 87-2473. Submitted on briefs October 13, 1988.—Decided January 11, 1989.*

(Also reported in 436 N.W.2d 876.)

730

731

732

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Carl H. Kielisch,* pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Russell S. Long* of *Mulcahy & Wherry, S.C.,* of Milwaukee.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   Carl H. Kielisch appeals from an order confirming a sheriff's sale of a parcel of real estate purchased by AABREC, Inc., on land contract from the respondent, Verex Assurance, Inc. Pursuant to the order confirming the sheriff's sale, a deficiency judg-

ment in the amount of $4292 was entered against Kielisch, who had personally guaranteed AABREC's debt to Verex.

Kielisch raises two issues in his *pro se* appeal. First, he claims that before a corporation can enter into a land contract or sue on foreclosure of it, the corporation's articles must be filed with the register of deeds of the county where the land is situated. Second, he claims that the price received at the foreclosure sale was inadequate. We hold that both issues are without merit.[1] Further, we agree with Verex that the first issue is frivolous within the meaning of Rule 809.25(3)(c)2, Stats. We thus remand the matter to the trial court to determine and assess reasonable costs and attorney's fees related to that issue.

Also, because a debatable question exists as to whether this appeal was brought by Kielisch for purposes of delay, we remand the matter to the trial court for a hearing where the trial court must make a finding

---

[1]We note that Kielisch raises an additional issue in his reply brief, arguing that confirmation of the foreclosure sale was erroneous because another foreclosure proceeding is currently being pursued by Sheboygan county to recover the delinquent taxes. However, the notice relied on by Kielisch to support this argument is not part of the record and, in fact, postdates the filing of the notice of appeal and the transmittal of the record to this court. Since reviewing courts are limited to the record and since the record on appeal may not be enlarged by materials which postdate the notice of appeal and were not made part of the record in the trial court, we decline to address this issue. *See State v. Aderhold,* 91 Wis. 2d 306, 314–15, 284 N.W.2d 108, 112 (Ct. App. 1979). We also note that Verex had no meaningful opportunity to respond to this issue because it was raised for the first time in the reply brief. This procedure thwarted the purpose of a brief-in-chief, which is to raise the issues on appeal, and the purpose of a reply brief, which is to reply to arguments made in a respondent's brief.

as to whether the appeal was brought for purposes of delay. If so, the trial court shall award double costs, a penalty, damages, or additional reasonable attorney's fees as it determines proper in the exercise of its discretion. Rule 809.83(1), Stats.

The hypothesis of Kielisch's first argument is that since Verex never filed its articles of incorporation with the register of deeds for Sheboygan county, it lacked authority to enter into the land contract with AABREC, thus rendering the land contract null and void. For the same reason, Kielisch argues that Verex had no standing to initiate a legal action regarding the real estate in Sheboygan county, thus rendering the entire foreclosure proceeding null and void.

No Wisconsin statute or case law requires a corporation to register its articles of incorporation in a county in which it holds title to real estate in order to enter valid contracts regarding that real estate or to provide it with standing to sue in that county's courts. Pursuant to sec. 180.46, Stats., the only county in which a corporation's articles of incorporation need be filed and recorded is the county in which the registered office of the corporation is located. We reject Kielisch's argument as devoid of merit.

It is also frivolous. An appeal is frivolous within the meaning of Rule 809.25(3)(c)2, Stats., when the appellant knew or should have known that the appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

The issue under this provision is not whether a party can or will prevail but whether the party's position is so indefensible that it is frivolous and the

party should have known it. *Stoll v. Adriansen,* 122 Wis. 2d 503, 515, 362 N.W.2d 182, 188 (Ct. App. 1984). Although this provision does not require the highest level of competence or legal ability, it assumes and requires an adequate investigation of the facts and law. *Id.*

When, as here, this court's conclusions regarding frivolousness are based on the arguments that an appellant has made on appeal, no findings of fact are necessary and we may address the issue *de novo. In re Koenigsmark,* 119 Wis. 2d 394, 399, 351 N.W.2d 169, 172 (Ct. App. 1984).

There is a total lack of legal support for a claim that articles of incorporation must be filed in any county other than the one in which the registered office of the corporation is located. This total lack of legal support would lead a reasonable party to conclude that assertion of such a claim on appeal would be frivolous. Consequently, even as a *pro se* lay person, Kielisch should have known, after even the most cursory investigation, that no reasonable basis existed for his claim regarding the recording of the articles of incorporation, particularly after the trial court denied his motion to dismiss on the ground that no basis existed to support the claim. *See Tracy v. Wisconsin Dep't of Revenue,* 133 Wis. 2d 151, 163, 394 N.W.2d 756, 760–61 (Ct. App. 1986).

Since the recording of articles of incorporation is governed by statute, Kielisch's claim also could not be supported by a good faith argument for an extension, modification or reversal of existing law, nor was any such argument raised on appeal. Consequently, we

remand the matter to the trial court to conduct an evidentiary hearing to determine and assess reasonable costs and attorney's fees incurred by Verex in responding on appeal to the claim regarding the articles of incorporation.[2]

Moving to Kielisch's second argument, we reject his objection to confirmation of the sale price. The decision to confirm the results of a foreclosure sale is vested in the sound discretion of the trial court. *Baumgarten v. Bubolz,* 104 Wis. 2d 210, 218, 311 N.W.2d 230, 234 (Ct. App. 1981). Its order will not be reversed on appeal absent a clear abuse of discretion. *Id.*

When confronted with a motion to confirm a sheriff's sale where the mortgaged premises have been sold for less than the amount due on the mortgage, a trial court must make a specific finding of the fair value of the premises and find that such value has been credited toward the mortgage debt. *First Wis. Nat'l v. KSW Invs., Inc.,* 71 Wis. 2d 359, 369, 238 N.W.2d 123, 128 (1976). In determining the fair value of the property, the trial court is to consider the price that an able and willing buyer would reasonably pay for the property for that use to which the property has been or reasonably may be put. *Baumgarten,* 104 Wis. 2d at 220, 311 N.W.2d at 235. However, it is well-settled that the mere inadequacy of a bid price is not a sufficient reason for

[2]Because Verex is the prevailing party on this appeal, it is, of course, entitled to recover costs in this court pursuant to Rule 809.25(1)(a)1 and (b), Stats. These costs may be recovered by Verex pursuant to Rule 809.25(1)(c) and (d), and are independent of reasonable attorney's fees and any other reasonable costs assessed by the trial court pursuant to our finding of frivolousness.

refusing to confirm a foreclosure sale. *Id.* at 218, 311 N.W.2d at 234. Instead, refusal to confirm a sale is warranted only when the inadequacy has resulted from mistake, misapprehension or inadvertence, or when the bid is so inadequate as to shock the conscience of the court. *Id.* at 218–19, 311 N.W.2d at 234. To conclude that a price shocks the conscience of the court is another way of saying that the price is inadequate as a matter of law. *Id.* at 219, 311 N.W.2d at 234.

In this case, the successful bid was $20,100. At the confirmation hearing, the trial court noted that Kielisch had refused to allow Verex to have the property appraised and that the only evidence of value was the assessed valuation by the city for tax purposes. Based on the tax assessment, the trial court noted that the property had an equalized valuation of $30,294. It further noted that there were unpaid real estate taxes for the years 1982 through 1986 of $6493 which would have to be paid before the successful bidder obtained clear title. The trial court therefore found that the effective bid was $26,593, representing approximately 88% of the equalized value of the property. Noting additionally that a property owner cannot reasonably expect to receive a 100% return on property sold at a sheriff's sale, the trial court found that the bid was fair and confirmed the sale.

Based on the trial court's analysis, we hold that the sale price was not inadequate as a matter of law and that the trial court did not abuse its discretion. However, because the price confirmed was less than the equalized value of $30,294, we cannot say that Kiel-

isch's second issue lacks any reasonable basis in law or equity. We cannot hold that this issue is frivolous.[3]

Finally, Verex contends that this whole appeal was taken for purposes of delay, entitling it to sanctions pursuant to Rule 809.83(1), Stats. If this court finds that an appeal was taken for purposes of delay, Rule 809.83(1) permits the award of double costs, a penalty in addition to interest not exceeding ten percent of the amount of the judgment affirmed, damages occasioned by the delay, and reasonable attorney's fees.

From our reading of the briefs and record and based on our finding of frivolousness as to the first issue, a debatable question exists as to whether the *whole* appeal was taken for purposes of delay. This issue presents a question of fact which must be resolved by the trial court. Our finding that the second issue is not frivolous does not by itself preclude a determination that the motive for appealing was for delay purposes. We therefore remand the matter to the trial court with directions to make findings of fact as to whether this appeal was taken for purposes of delay. If so, the trial court must exercise its discretion to determine and assess an appropriate sanction under Rule 809.83(1), Stats.

*By the Court.*—Order affirmed and cause remanded for proceedings consistent with this opinion.

---

[3]The finding that this issue is not frivolous does not affect our finding of frivolousness concerning the first issue. This court may find one issue raised in an appeal to be frivolous while finding that another claim in the same appeal is not frivolous. *Stoll v. Adriansen,* 122 Wis. 2d 503, 512, 362 N.W.2d 182, 187 (Ct. App. 1984).