FIRST FINANCIAL SAVINGS ASSOCIATION,
Plaintiff-Appellant,†

v.

Thomas E. SPRANGER and Cindy Spranger,
Defendants-Respondents.

Court of Appeals

*No. 88-2068. Submitted on briefs July 14, 1989.—Decided April
26, 1990.*

(Also reported in 456 N.W.2d 897.)

†Petition to review denied.

440

For the plaintiff-appellant the cause was submitted on the brief of *Thomas F. Mallery* and *Jeffrey A. Hertz* of *Mallery & Zimmerman, S.C.* of Wausau.

For the defendants-respondents the cause was submitted on the brief of *Gary J. Kryshak* of *Brazeau, Potter, Wefel & Nettesheim* of Wisconsin Rapids.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

SUNDBY, J. In this appeal, we decide that in determining "fair value" under sec. 846.165(2), Stats., the circuit court did not abuse its discretion in refusing to consider the mortgagee/purchaser's anticipated costs between confirmation of the sale of the mortgaged premises and the mortgagee's sale to a third party. We therefore affirm the circuit court's order.

First Financial foreclosed on residential property mortgaged to it by Thomas E. Spranger and Cindy

Spranger.[1] It purchased the property at sheriff's sale for $26,400, substantially less than the amount due on the note and mortgage. The circuit court denied First Financial's motion to confirm the sale. The court found that the fair market value and the fair value of the mortgaged premises were $30,000. The court concluded that in determining the fair value of the property, it could not consider First Financial's "holding" costs, including commission on its anticipated sale of the premises, post-confirmation maintenance costs, real estate taxes, insurance, cost of money, and closing costs. First Financial claims that the circuit court erred as a matter of law and thus abused its discretion. We disagree.

We review the circuit court's denial of First Financial's motion to confirm for abuse of discretion. *Baumgarten v. Bubolz,* 104 Wis. 2d 210, 218, 311 N.W.2d 230, 234 (Ct. App. 1981). A trial court abuses its discretion if it acts upon a mistaken view of the law. *First Wis. Nat. Bank of Oshkosh v. KSW Inv.,* 71 Wis. 2d 359, 364, 238 N.W.2d 123, 126 (1976). First Financial contends that the circuit court acted upon a mistaken view of sec. 846.165(2), Stats.

Section 846.165(2), Stats., provides that if the mortgaged property sells for less than the amount due or to become due, "no sale shall be confirmed and judgment for deficiency rendered, until the court is satisfied that the fair value of the premises sold has been credited on the mortgage debt, interest and costs."

First Financial contends that it is entitled to recover its post-confirmation "holding" costs by bidding in a price less than fair market value "so as to increase

---

[1]First Financial sought a deficiency judgment against Thomas Spranger only.

the deficiency judgment in an amount equal to those holding costs." We disagree. While "fair value" is not the same as "market value," *Northwestern Loan & Trust Co. v. Bidinger,* 226 Wis. 239, 245-46, 276 N.W. 645, 648 (1937), it is a value determined by the property's sale value. *Verex Assur., Inc. v. AABREC, Inc.,* 148 Wis. 2d 730, 737, 436 N.W.2d 876, 879 (Ct. App. 1989). The circuit court may consider the cost of selling, holding or carrying the property while a buyer is sought only to the extent these factors affect the sale value. First Financial did not present evidence to the circuit court that such factors affected the sale value.

First Financial seeks to extend Spranger's obligation to it to include its holding costs during the average period of time it takes First Financial to sell residential property acquired in a foreclosure. First Financial claims the right to thus increase its deficiency judgment against Spranger. Section 846.165(1), Stats., however, required First Financial to state in its notice of confirmation the amount of personal judgment which it sought against Spranger. It cannot avoid the command of the statute by artificially deflating its bid price.

■

Foreclosure proceedings are equitable in nature. *Wisconsin Brick and Block Corp. v. Vogel,* 54 Wis. 2d 321, 327, 195 N.W.2d 664, 668 (1972). First Financial's approach may allow it to reap a windfall at Spranger's expense. It may sell the property immediately, without a broker's commission, and without incurring any holding or carrying costs. First Financial does not offer, if that should occur, to reimburse Spranger. That result is inequitable.

■

We do not foreclose the circuit court from considering that the mortgaged property is the subject of foreclo-

sure proceedings. The inquiry must be, however, what an able and willing buyer will reasonably pay for the property for the use to which the property has been or reasonably may be put. *Verex Assur. Inc.,* 148 Wis. 2d at 737–38, 436 N.W.2d at 879.

It is true that mere inadequacy of the mortgagee's bid price is not a sufficient reason for the circuit court to refuse to confirm a foreclosure sale. *Id.* at 737, 436 N.W.2d at 879. However, here, after the circuit court properly rejected First Financial's bid price because it was based on improper factors, the court was left with no evidence to support fair value except the appraisers' testimony. In the circumstances, the trial court did not abuse its discretion when it determined that the fair value of the mortgaged premises was its fair market value as determined by such evidence.

*By the Court.*—Order affirmed.