Walter J. BREUER, Bernice Breuer, Larry G. Breuer and Barbara A. Breuer, Plaintiffs-Appellants,

v.

TOWN OF ADDISON, a municipal corporation, Defendant-Respondent.

Court of Appeals

*No. 94–1995. Submitted on briefs April 18, 1995.—Decided May 10, 1995.*

(Also reported in 534 N.W.2d 634.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert E. Storck* of *Storck & Schnabl* of Mayville.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Dean T. Stange* of *Ritger, Hawley & Kitelinger, S.C.* of Random Lake.

Before Brown, Nettesheim and Snyder, JJ.

BROWN, J. Walter J. Breuer, Bernice Breuer, Larry G. Breuer and Barbara A. Breuer own land abutting a road, the maintenance of which was discontinued by the Town of Addison. They appealed the Town's decision that no damages were caused by the discontinuance. The circuit court dismissed their

appeal because they filed a personal signature bond which does not satisfy the appeal bond requirements of § 80.26, STATS. The Breuers appeal both the order dismissing their appeal and an order denying them relief from the dismissal.

The first issue is whether substantial compliance, in lieu of exacting compliance, is sufficient to maintain a § 80.26, STATS., appeal relating to the discontinuance of a highway. We hold that substantial compliance is not sufficient. The second issue is whether § 895.34, STATS., is intended to permit the circuit court to modify an appeal bond to comply with the § 80.26 requirements if the executed bond does not conform with the dictates of the statute. We hold that § 895.34 is not so intended. The third issue is whether the circuit court misused its discretion when it denied the Breuers' § 806.07, STATS., motion for relief from the dismissal order on grounds that any deviation from the statutory prerequisites of § 80.26 were first suggested and then ordered by the circuit court. We hold that under the circumstances, the circuit court did not misuse its discretion. Therefore, we affirm the circuit court.

The Breuers brought their appeal from the Town's "no damage" award on a personal signature bond which was executed to the circuit court. The bond reads:

> We, Walter J. Breuer, Bernice Breuer, Larry G. Breuer and Barbara A. Breuer, ~~and~~ *personal signature bond* ~~sureties~~ are held and firmly bound to the Judge of the Circuit Court in the sum of $*10,000.00* Dollars for which payment we bind ourselves to pay all costs arising from the appeal if the jury shall not award the appellants an increase in damages in accordance with Wisconsin Statute 80.26.

The underlined and italicized portions were handwritten in blanks provided on the otherwise typewritten

document. The strikeouts were also done by hand. The document was signed by the Breuers and the circuit court judge and witnessed by the Breuers' attorney.

Subsequently, the Town moved to dismiss the appeal on the ground that the Breuers failed, as required by § 80.26, STATS., to execute a surety bond to the proper entity, the Town. The Breuers moved the court to allow amendment of the bond so as to satisfy the statutory requirements. The circuit court denied the Breuers' motion and dismissed the appeal on the ground that the bond was insufficient under § 80.26.

The Breuers then moved the circuit court for relief from this order and, once again, to amend the bond. The Breuers' attorney argued that the bond substantially satisfies § 80.26, STATS., "in that it's conditioned to pay all costs arising from the appeal." The Breuers further argued that the circuit court "itself suggested the personal signature bond" was sufficient security for the appeal and, therefore, the circuit court should grant relief for excusable neglect under § 806.07, STATS. The Breuers submitted an amended personal signature bond that only differed from the original bond in that it bound the Breuers to the Town instead of "to the Judge of the Circuit Court."

The circuit court stated that it did not recall suggesting the use of a personal signature bond. Then the circuit court denied the Breuers' motions on the grounds that they did not comply with § 80.26, STATS., and that the "amended proffered bond" did not comply with the statute because it was not a surety bond.

The Breuers first argue that they substantially complied with § 80.26, STATS., because the bond provided that they would be "bound to pay any costs if the jury would not award appellants an increase in dam-

ages." The Town responds that strict compliance is necessary. We address whether parties must strictly comply with § 80.26, or whether substantial compliance with the statute's essential requirements is sufficient. This issue is one of statutory interpretation which we decide de novo. *See NBZ, Inc. v. Pilarski,* 185 Wis. 2d 827, 835, 520 N.W.2d 93, 95 (Ct. App. 1994). To determine whether substantial compliance with a statute is sufficient, we look to the language of that statute and similar provisions as well as case law interpreting such statutes. *See, e.g., Radtke v. City of Milwaukee,* 116 Wis. 2d 550, 555-57, 342 N.W.2d 435, 438-39 (1984); *Voss v. Tittel,* 219 Wis. 175, 179-80, 262 N.W. 579, 580-81 (1935).

Under § 80.24, STATS., a landowner may appeal a town's award of damages for the discontinuance of a highway to the circuit court. Section 80.26, STATS., provides that as a condition to that appeal, an appeal bond must be filed. That section provides:

> **Appeal Bond.** The appellant shall execute to the proper town, city or village and file with the judge a bond with one or more sureties to be approved by such judge. In case the appeal is by a landowner, the bond shall be conditioned to pay all costs arising from such appeal if the jury shall not award the appellant an increase of damages.

Thus, this section sets forth the requirements that the "appellant *shall* execute to the proper *town . . .* a bond *with one or more sureties.*" (Emphasis added.) We read nothing from this language allowing substantial compliance with these requirements and hold that the legislature, by its use of the word "shall," clearly intended these requirements to be mandatory. *See Scanlon v. City of Menasha,* 16 Wis. 2d 437, 443, 114 N.W.2d 791, 795 (1962).

The Breuers contend that two Wisconsin Supreme Court cases should compel us to reach a different result. The two cases are: *American Cement Mach. Co. v. City of Madison*, 153 Wis. 444, 141 N.W. 246 (1913), and *Conover v. Board of Supervisors*, 5 Wis. 438 (1856).

In *American Cement*, the charter for the City of Madison allowed appeals to the circuit court from the city council's disallowances of claims. *American Cement*, 153 Wis. at 444-45, 141 N.W. at 246. The charter required the appellant to execute a bond to the city "with sufficient surety, to be approved by the said clerk, conditioned for the faithful prosecution of such appeal and the payment of all costs that shall be adjudged against the appellant by the court." *Id.* at 445, 141 N.W. at 246. The circuit court dismissed the appeal brought by American Cement because the *amount* of the bond was insufficient. *See id.* at 445-46, 141 N.W. at 246-47. Our supreme court reversed, holding that the bond was in the form required by the charter's language and that if the sum of the bond should become insufficient due to "some unusual exigencies," the circuit court may, under § 4281*m*, STATS., 1913 (a predecessor to § 895.34, STATS.), require the execution of a new bond. *American Cement*, 153 Wis. at 447, 141 N.W. at 247.

In *Conover*, a case cited by the *American Cement* court, the defendant complained that the plaintiff brought the appeal on a personal recognizance rather than a bond. *Conover*, 5 Wis. at 439-40. The circuit court dismissed the appeal for "insufficiency of the bond." *Id.* at 439. Our supreme court reversed and held that the dismissal was improper because the applicable statute did not specify the form of the "expression for the bond" and that the bond filed in the case was suffi-

cient because it set forth conditions from the "very language" of the applicable statute. *Id.* at 441.

We conclude that neither case dispenses with the requirements plainly set forth by § 80.26, STATS. *American Cement* dealt only with the insufficiency of the *amount* of the bond. As to the form, the bond itself initially satisfied all of the prerequisites of the charter. When the supreme court held that dismissal of the appeal was improper, it relied in part on the court's statutory power to order the execution of a new bond if the *amount* should become insufficient. *American Cement*, 153 Wis. at 447, 141 N.W. at 247. In *Conover*, the applicable statute did not require a surety bond and, because the appellant satisfied the statutory language, the appellant's failure to provide a surety bond was without significance. *Conover*, 5 Wis. at 441. In both cases, our supreme court looked to the language of the applicable statute to determine the bond requirements and then reversed a dismissal of the appeal because the appellant satisfied the requirements set forth on the face of the statute. Thus, we conclude that neither case stands for the proposition that substantial compliance with bond requirements is sufficient.[1]

The Breuers also argue that the circuit court erred when it failed to allow them to submit a proper bond. They contend that § 895.34, STATS., "allows the court to

---

[1] As an aside, we question whether the Breuers even substantially complied. Substantial compliance commands satisfaction of the essential requirements of a statute. *See Radtke v. City of Milwaukee*, 116 Wis. 2d 550, 555, 342 N.W.2d 435, 438 (1984). Here, the bond does not travel to the party the statute is designed to protect—the Town—and it does not include the sureties required by the statute.

enter an order requiring a sufficient bond prior to dismissing any action."

This issue is also one of statutory interpretation which we review de novo. *See NBZ*, 185 Wis. 2d at 835, 520 N.W.2d at 95. In interpreting a statute, we must first look to the plain meaning of the statute. *Hainz v. Shopko Stores, Inc.*, 121 Wis. 2d 168, 172, 359 N.W.2d 397, 400 (Ct. App. 1984).

Section 895.34, STATS., provides in relevant part: "If any bail bond, recognizance, undertaking or other bond or undertaking given in any civil or criminal action or proceeding, *becomes* at any time insufficient, the court . . . may, upon notice, require the plaintiff or defendant to give a new bond, recognizance or undertaking." (Emphasis added.) We agree with the Town that the legislature's use of the words, "[i]f any . . . bond . . . *becomes* . . . insufficient," *id.* (emphasis added), compels the interpretation that a necessary precondition of the statute is that the bond must at one time have been sufficient—that the appellant must have, at the time of executing the bond, satisfied the statutory requirements. Here, the Breuers did not satisfy that necessary precondition—the bond was never sufficient under the statute.[2] In fact, the new bond submitted to

---

[2] The Breuers also argue that § 895.34, STATS., requires the circuit court to give notice that a bond is insufficient and that they were not given notice prior to the dismissal. We need not address this argument because we hold that they did not satisfy a necessary condition for application of the statute. Nonetheless, we consider the plain meaning of the statutory language and conclude from the position of the phrase "upon notice" immediately before the phrase "require the plaintiff or defendant to give a new bond" means that notice is a prerequisite to

the court was again a personal signature bond, albeit made to the Town, not to the court. This bond also fails to satisfy the statute. Therefore, we hold that § 895.34 did not allow the circuit court to modify their personal signature bond.

Lastly, the Breuers argue that "[j]ustice and equity require that the court under the circumstance either hold that the original bond as approved is sufficient or allow the [Breuers] to produce a new bond so that their claim for damages is not jeopardized." They contend that it is "blatantly unfair" to sustain a dismissal based on an improper bond where it was the circuit court which suggested and approved the bond.

This issue was directed to the circuit court on the Breuers' § 806.07(1)(a), STATS., motion for relief based on excusable neglect. Motions under § 806.07 are addressed to the sound discretion of the circuit court. *Eau Claire County v. Employers Ins.*, 146 Wis. 2d 101, 109, 430 N.W.2d 579, 582 (Ct. App. 1988). We will not disturb this discretionary determination unless there is a misuse of discretion. *See id.* A discretionary determination must be the product of a rational mental process by which the facts of record and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable determination. *LaRocque v. LaRocque*, 139 Wis. 2d 23, 27, 406 N.W.2d 736, 737 (1987).

Under § 806.07(1), STATS., a circuit court may relieve a party or legal representative from a judgment or order "upon such terms as are just" for the reasons of "mistake, inadvertence, surprise, or excusable neglect." *Id.* In applying this section, "the court is

---

ordering the execution of a new bond, not to dismissal of the appeal. *See id.*

exercising equitable powers to secure substantial justice between the parties under all the circumstances." *See Paschong v. Hollenbeck*, 13 Wis. 2d 415, 424, 108 N.W.2d 668, 673 (1961) (construing § 269.46(1), STATS., 1961, allowing relief from consequences of "mistake, inadvertence, surprise or excusable neglect").

██

Here, upon review of the record, we hold that the circuit court did not misuse its discretion in denying the Breuers' § 806.07, STATS., motion. Without a record of any conversation where the circuit court suggested to the Breuers that a personal signature bond was sufficient, we cannot determine that the court made the suggestion contended by the Breuers. We note that the alleged conversation was ex parte and not part of the record. We further observe that the circuit court did not recall any such conversation as alleged by the Breuers' attorney.[3] Also, during the motion hearing, the circuit court apparently considered that the Breuers' "proffered amended bond," submitted by the Breuers after the dismissal of their appeal, still did not satisfy the § 80.26, STATS., requirement of a surety bond. For these reasons, we hold that "substantial justice between the parties under all the circumstances" did not require the circuit court to grant the § 806.07 motion. *See Paschong*, 13 Wis. 2d at 424, 108 N.W.2d at 673.

*By the Court.*—Orders affirmed.

[3] Moreover, the Town was an innocent nonparticipating party to whatever transaction occurred between the Breuers and the circuit court which may have produced the defective bond. Under such circumstances, we cannot say that the circuit court misused its discretion in denying the Breuers equitable relief under § 806.07, STATS.