# COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 12, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1148**

STATE OF WISCONSIN

Cir. Ct. No. **2024SC709**

IN COURT OF APPEALS
DISTRICT I

---

MAZ 3 INVESTMENT GROUP LLC,

PLAINTIFF-RESPONDENT,

V.

AJ PETROLEUM LLC,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Milwaukee County: BRITTANY C. GRAYSON, Judge. *Affirmed.*

¶1 COLÓN, P.J.[1] AJ Petroleum LLC ("AJ Petroleum") appeals from a judgment of eviction entered against it and in favor of MAZ 3 Investment Group

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

LLC ("MAZ"). AJ Petroleum argues that the circuit court erred by refusing to decide whether MAZ breached an agreement to sell AJ Petroleum the property it had been renting from MAZ, and by finding that MAZ was not required to provide AJ Petroleum with a 28-day notice under WIS. STAT. § 704.19 prior to the termination of the tenancy. For the following reasons, we affirm.

## BACKGROUND

¶2    In the self-titled Sale Agreement dated December 15, 2021, MAZ and AJ Petroleum agreed that AJ Petroleum would be able to purchase commercial property consisting of a gas station and convenience store at 641 N. Hawley Road in Milwaukee from MAZ by paying $300,000 upfront, then leasing the property for two years. The Sale Agreement provided, "After the completion of lease term, [AJ Petroleum] will pay the remaining $1.3M of the purchase price to [MAZ]. If [AJ Petroleum] do[es] not exercise the right to purchase after two years, $300,000 will not be refunded." The record shows that both parties agreed that AJ Petroleum needed to exercise its right to purchase the property by December 15, 2023.

¶3    On December 1, 2023 and December 8, 2023, AJ Petroleum advised MAZ that it intended to purchase the property, had scheduled the closing for December 11, 2023, and that AJ Petroleum's lender was requesting all of the documentation to proceed with closing. On December 11, 2023, MAZ notified AJ Petroleum that it had not been contacted for any documents from AJ Petroleum's lender. A couple days later, AJ Petroleum forwarded MAZ an email message from the title company indicating which documents were required from MAZ to proceed with the closing. The next day, MAZ contacted the title company and

inquired if a closing date had been set. In response, MAZ was informed that the closing date had not been scheduled yet.

¶4 On December 18, 2023, MAZ notified AJ Petroleum that it had defaulted by failing to exercise the right to purchase before the end of the lease period specified in the Sale Agreement. MAZ also informed AJ Petroleum that MAZ did not consent to its continued possession of the property. The following day MAZ received an email from the title company indicating that the closing was scheduled for December 27, 2023. The sale of the property did not occur and AJ Petroleum did not vacate the premises.

¶5 On January 10, 2024, MAZ commenced the eviction action underlying this appeal. MAZ sought a writ of eviction and damages related to AJ Petroleum's continued possession of the property. AJ Petroleum responded by counterclaiming that MAZ's breach of the Sale Agreement—by failing to sell the property to AJ Petroleum—caused the alleged damages. MAZ subsequently moved to dismiss the counterclaim, arguing that whether it was required to sell the property fell outside of the limited scope of eviction proceedings. At the hearing on the motion to dismiss, the circuit court agreed with MAZ and dismissed AJ Petroleum's counterclaim. The next day AJ Petroleum filed a summons and complaint in Milwaukee County Circuit Court Case No. 2024CV2135 to pursue its breach of contract claim separately.

¶6 MAZ then moved for partial summary judgment arguing that the undisputed facts show it is entitled to a writ of eviction. AJ Petroleum also moved for summary judgment arguing that (1) if MAZ had abided by the terms of the Sale Agreement and had sold the property then MAZ would not have needed to file the eviction action; and (2) MAZ terminated AJ Petroleum's tenancy without

3

providing the 28-day notice required under Wis. Stat. § 704.19(3). The circuit court found that AJ Petroleum's argument related to whether the closing should have occurred required the resolution of the same right to purchase issue as the counterclaim that the court already dismissed due to being outside the scope of the eviction proceedings. Thus, the court declined consider AJ Petroleum's argument citing to the court's previous decision and the separate case now pending on that issue. The court then found that AJ Petroleum was not a periodic tenant or a tenant at will and therefore the 28-day notice statute did not apply to the termination of the tenancy. The court thus granted summary judgment in MAZ's favor and issued the writ of eviction.

¶7    AJ Petroleum appeals.

## DISCUSSION

¶8    AJ Petroleum argues that the circuit court erred because it only enforced the lease provision and not the right to purchase provision of the Sale Agreement when it granted MAZ summary judgment. It reiterates the arguments it made before the circuit court and states that MAZ's failure to sell AJ Petroleum the property constitutes an issue of ownership that precludes eviction. In response MAZ argues that AJ Petroleum's argument fails because it is undeveloped, does not address why the circuit court decided not to consider it, and does not mention the case law underpinning the court's decision. *See Scalzo v. Anderson*, 87 Wis. 2d 834, 847-48, 275 N.W.2d 894 (1979) (listing the "very limited number of issues permissible in an eviction action.") We agree with MAZ.

¶9    Although AJ Petroleum states that the circuit court should have considered whether MAZ was required to sell it the property under the Sale Agreement, it does not explain how the court erred. AJ Petroleum does not

4

discuss the court's finding that consideration of the issue was outside the scope of eviction proceedings. The court stated that AJ Petroleum's argument—that MAZ should have sold AJ Petroleum the property—was "really relative to issues that are not permissible in this small claims eviction action." It went on to explain it had already ruled in the context of whether to dismiss AJ Petroleum's counterclaim that the resolution of this issue was outside of the scope of eviction proceedings. The court did not reanalyze why the issue was outside the scope of eviction proceedings at the summary judgment hearing and instead incorporated its reasoning from the hearing on MAZ's motion to dismiss.

¶10 We are not privy to the circuit court's full reasoning because the transcript of the hearing on the motion to dismiss was not included in the record on appeal. "It is the appellant's responsibility to ensure completion of the appellate record and 'when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling.'" *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (citation omitted). "[O]n appeal 'it is the burden of the appellant to demonstrate that the [circuit] court erred.'" *Id.* (second alteration in original; citation omitted). AJ Petroleum cannot meet this burden since it did not include the circuit court's reasoning in the record for this court to review. *See id.*

¶11 Additionally, AJ Petroleum did not develop an argument disputing the circuit court's finding that the court's consideration of whether MAZ breached the Sale Agreement's right to purchase provision was outside the scope of eviction proceedings. We will not develop such an argument for it. *See Lakeland Area Prop. Owners Ass'n, U.A. v. Oneida Cnty.*, 2021 WI App 19, ¶17, 396 Wis. 2d 622, 957 N.W.2d 605. ("We will not abandon our neutrality to develop arguments

for the parties."). To the extent that AJ Petroleum suggests that the ongoing litigation over the right to purchase issue itself precludes eviction and should have been considered by the circuit court, we conclude that such an argument is undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶12 AJ Petroleum also argues that the circuit court erred because WIS. STAT. § 704.19(3) mandates a 28-day notice before the termination of a tenancy and it is undisputed that MAZ did not send such a notice. We disagree.

¶13 "If a tenant holds over after expiration of a lease, the landlord may in every case proceed in any manner permitted by law to remove the tenant and recover damages for such holding over." WIS. STAT. § 704.25(1). WISCONSIN STAT. § 704.19 governs the termination of periodic tenancies and tenancies at will and, barring some exceptions, requires a 28-day notice before termination. Both periodic tenancies and tenancies at will are defined by tenants who hold possession of real property without a valid lease. WIS. STAT. § 704.01(2), (4), (5). A periodic tenancy can be created after the expiration of a nonresidential lease with a term greater than a year if the tenant holds over and the landlord "elect[s] to hold the tenant on a year-to-year basis." Sec. 704.25(2)(a).

¶14 The tenancy at issue here was a tenancy under a two-year lease as specified in the lease provision of the Sale Agreement. Three days after the lease expired by its terms, MAZ notified AJ Petroleum that the lease had expired and that it did not consent to AJ Petroleum's continued possession of the property. AJ Petroleum does not point to any evidence in the record to suggest that a periodic tenancy or a tenancy at will was in effect or subsequently created. Thus, the circuit court did not err by finding that the notice requirement in WIS. STAT.

§ 704.19 did not apply because AJ Petroleum was not a periodic tenant or a tenant at will.

¶15    AJ Petroleum instead argues that material outside the record supports that an unsigned lease agreement controlled the parties lease obligations instead of the lease provision of the Sale Agreement.[2]  We do not consider this additional material because it was not presented to the circuit court.  *See **South Carolina Equip., Inc. v. Sheedy***, 120 Wis. 2d 119, 125-26, 353 N.W.2d 63 (Ct. App. 1984) ("An appellate court can only review matters of record in the [circuit] court[.]"); ***Keplin v. Hardware Mut. Cas. Co.***, 24 Wis. 2d 319, 326, 129 N.W.2d 321 (1964) ("This court cannot consider facts outside the record even though stated as such in the briefs.")

¶16    AJ Petroleum also argues for the first time on appeal that it is entitled to relief under WIS. STAT. § 806.07(1)(a)-(h).[3]  "The general rule is that issues not presented to the circuit court will not be considered for the first time on appeal."  ***State v. Caban***, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997).  AJ Petroleum has not moved the circuit court for relief and provides no explanation for why we should nonetheless consider its arguments under § 806.07.  Thus, we

---

[2] We note that AJ Petroleum moved this court to admit the "newly discovered" material it relies on into the record on October 4, 2024.  On November 11, 2024, we refused to permit AJ Petroleum to supplement the record because "the record on appeal may not be enlarged by materials which postdate the notice of appeal and were not made part of the record in the [circuit] court[.]" ***Verex Assur., Inc. v. AABREC, Inc.***, 148 Wis. 2d 730, 734 n.1, 436 N.W.2d 876 (Ct. App. 1989).

[3] On October 11, 2024, AJ Petroleum also relied on WIS. STAT. § 806.07 to move this court for "summary reversal … or, alternatively, to return this matter to the circuit court so as to allow for filing a motion to dismiss and/or to supplement the record."  On November 22, 2024, we denied the motion and explained that "[t]he court of appeals does not entertain motions under § 806.07," and that "a party to an appeal does not require an order from the court of appeals to pursue remedies under § 806.07" before the circuit court.

do not address AJ Petroleum's arguments under § 806.07 further.  *See also **Breuer v. Town of Addison***, 194 Wis. 2d 616, 534 N.W.2d 634 (Ct. App. 1995) ("Motions under § 806.07 are addressed to the sound discretion of the circuit court.")

## CONCLUSION

¶17    We conclude that the circuit court did not err when it granted summary judgment in favor of MAZ.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.