SOUTH CAROLINA EQUIPMENT, INC., a South Carolina
corporation, and Dr. Bernard A. Mogilka, Plain-
tiffs-Respondents and Cross-Appellants,

v.

Patrick T. SHEEDY, as Personal Representative of the
Estate of Nan Lowe and Bernice Degner, as Per-
sonal Representative of the Estate of Lucille Kamin-
ski, Defendants-Appellants and Cross-Respondents,

Ralph J. JEKA and Ruth Jean Jeka, his wife, State
of Wisconsin, Girard Bank, a foreign banking cor-
poration, William Lowe, Sr., a former Personal Rep-
resentative of the Estate of Nan Lowe, United
States of America, Federal Deposit Insurance Cor-
poration, a United States corporation, Edward Mon-
day, Lawrence A. Czaplewski and Herbert A.
Genthe, d/b/a Czaplewski & Genthe, County of
Milwaukee, City of Milwaukee, and Towne Realty,
Inc., Defendants and Cross-Respondents.

Court of Appeals

No. 83–1768. Submitted on briefs May 14, 1984.—
Decided June 20, 1984.
(Also reported in 353 N.W.2d 63.)

For the defendants-appellants and cross-respondents the cause was submitted on the briefs of *Techmeier, Sheedy & Associates,* with *Michael T. Sheedy* of counsel, of Milwaukee.

For the plaintiffs-respondents and cross-appellants the cause was submitted on the briefs of *Michael W. Tobin* of Milwaukee.

Before Wedemeyer, P.J., Decker and Moser, JJ.

MOSER, J.   South Carolina Equipment, Inc. (South Carolina) appeals from an order dismissing its real

property foreclosure action against Ralph J. Jeka (Jeka) and Ruth Jean Jeka, his wife, and the other defendants named in the title to this action who previously had either filed lien claims or had obtained judgment interests against the Jekas' property. The separate estates of Nan Lowe and Lucille Kaminski (Lowe and Kaminski) jointly cross appeal from the same order.

Jeka and his wife were the owners of real estate commonly known as 6464 North Lake Drive, in the village of Fox Point, Milwaukee county, Wisconsin. They had mortgaged the property to Karoline Muehlbacher (Muehlbacher) and Catherine B. Senk (Senk) on or about August 29, 1978. That mortgage, which secured a promissory note, was filed in the Milwaukee county register of deeds office.

Muehlbacher and Senk ultimately foreclosed on the premises but before judgment Dr. Bernard A. Mogilka bought their note, negotiated a new note with the Jekas and was assigned Muehlbacher's and Senk's mortgage. This assignment was recorded in the Milwaukee county register of deeds office on July 22, 1980. Dr. Mogilka subsequently assigned the note and mortgage for valuable consideration to South Carolina. The assignment of the mortgage to South Carolina was properly recorded in the register of deeds office.

The Jekas again defaulted on the mortgage and on September 30, 1981, South Carolina commenced this foreclosure action. The Jekas, by this time, had a number of judgment and tax lien creditors. Most of the creditors filed notices of appearance, but some filed answers and cross complaints. Lowe and Kaminski filed a joint answer to the complaint and a joint cross claim against all codefendants.

South Carolina filed a motion for summary judgment on May 26, 1982. At a June 30, 1982, hearing on the motion for summary judgment Jeka personally appeared

and attempted to file an untimely answer and affidavit in opposition to the motion. The trial court rejected the documents. At that hearing Jeka also argued that because South Carolina was a foreign corporation without a certificate of authority under sec. 180.801, Stats., it could not maintain this foreclosure action because of sec. 180.-847, Stats. The trial court rejected this argument and entered summary judgment in favor of South Carolina on July 27, 1982.

Subsequent to the judgment, the trial court was requested to establish a priority list of judgment and lien claims. After all remaining defendants filed their claimed priority positions the trial court rendered its memorandum decision, entered on June 3, 1983, which established the priority list. The trial court gave Girard Bank, a foreign corporation, first priority position and gave South Carolina the second priority position. The Lowe and Kaminski claims were placed third and sixth respectively. It should be noted that neither South Carolina nor Lowe and Kaminski, the contestants to this appeal, objected to the first priority position of the Girard Bank, but Lowe and Kaminski objected to the trial court's determination of South Carolina's secondary priority position.

In addition to setting the priority list the trial court *sua sponte* reviewed the issue first raised by Jeka concerning South Carolina's alleged lack of standing to sue. In this same memorandum decision the trial court reversed itself. The court said it had no jurisdiction to grant summary judgment of foreclosure to South Carolina because the corporation had no certificate of authority under sec. 180.801, Stats., and therefore was precluded from using the court system pursuant to sec. 180.847, Stats. The court made this finding despite the fact that on February 2, 1983, before the court's memorandum decision reversing itself, South Carolina paid

for and filed the required certificate of authority. The record before us reflects that the Wisconsin secretary of state issued the certificate on September 21, 1983.

The trial court found that a foreign corporation must have standing to sue at the commencement of its suit, and that tardy filing of a certificate was not sufficient to give the trial court jurisdiction. The trial court therefore dismissed the complaint. It reasoned that since it had no jurisdiction over the subject matter of the original complaint then the "progeny" of cross complaints also should be dismissed. An order dismissing the complaints with the trial court's memorandum decision attached was entered. It is from that order that all parties appeal.

The issues on appeal are whether the trial court was correct in dismissing the complaint of South Carolina on jurisdictional grounds and whether after doing so it was correct in dismissing the cross complaints.

We must quickly lay to rest the jurisdiction error of the trial court. Our supreme court has previously held that the legislative purpose of sec. 180.847(1), Stats., was to facilitate the collection of Wisconsin foreign corporation registration fees, and that it had no function with respect to the jurisdiction of Wisconsin courts over foreign corporations.[1]

The next logical question is how does one interpret the full meaning of the proscription that an unregistered foreign corporation cannot sue or defend suit until it has obtained registration. Commentators[2] and the vast ma-

[1] *See Nagle Motors, Inc. v. Volkswagen N. Cent. Distrib., Inc.,* 51 Wis. 2d 413, 420, 187 N.W.2d 374, 380 (1971).

[2] 17 W. Fletcher, Cyclopedia of the Law of Private Corporations § 8507, 639–40 and § 8538, 728–29 (rev. vol. 1977); H.G. Henn & J.R. Alexander, Laws of Corporations and Other Business Enterprises §101, 232 (3d ed. Hornbook series 1983). *See* Henn

jority of courts[3] have held that when an unregistered foreign corporation commences or defends a suit, and during the course of that suit complies with the registration law, that act is sufficient to allow it to maintain a court action or a defense. The courts that have made such findings have done so under controlling statutes, similar to Wisconsin's, that say a foreign corporation cannot maintain a suit until registered and certified.

Also, sec. 180.847, Stats., is substantially similar to sec. 124 of the Model Business Corporation Act.[4] There is some difference of opinion in the jurisdictions following the Model Act provision as to when a corporation "maintains" an action. However, "[t]he trend of authority supports the proposition that the word 'maintain' merely means a continuation of a proceeding already begun and that a foreign corporation may qualify by obtaining a certificate of authority even after instituting an action."[5]

We agree with the vast majority of courts' holdings in this field of law because our supreme court held in

at 232 n. 7 and Annot., 6 A.L.R.3d 326, 331–38 (1966 & Supp. 1983) for a listing of decisions from those courts.

[3] *See Empire Excavating Co. v. Maret Dev. Corp.*, 370 F. Supp. 824, 827 (W.D. Pa. 1974); *Vornado, Inc. v. Corning Glass Works*, 255 F. Supp. 216, 219 (D.N.J. 1966); *Capin v. S&H Packing Co., Inc.*, 636 P.2d 1223, 1224 (Ariz. Ct. App. 1981); *Traub Co. v. Coffee Break Serv., Inc.*, 425 P.2d 790, 792 (Cal. 1967); *York & York Constr. Co. v. Alexander*, 296 A.2d 710, 714 (D.C. Ct. App. 1972); *Inn Operations, Inc. v. River Hills Motor Inn Co.*, 152 N.W.2d 808, 814 (Iowa 1967); *Madison Fork Ranch v. L&B Lodge Pole Timber Prod.*, 615 P.2d 900, 907 (Mont. 1980); *E.R. Moore Co. v. Ochiltree*, 239 N.E.2d 242, 245 (Ohio Ct. Common Pleas 1968); *Tiffany Agency of Modeling, Inc. v. Butler*, 295 A.2d 47, 49 (R.I. 1972); *Troyan v. Snelling & Snelling, Inc.*, 524 S.W.2d 432, 434 (Tex. Civ. App. 1975); *Video Elec., Inc. v. Foto-Video Elec., Inc.*, 154 S.E.2d 7, 8 (Va. 1967).

[4] Model Business Corp. Act § 124 (1971).

[5] 17 W. Fletcher, Cyclopedia of the Law of Private Corporations § 8538, 728–29 (rev. vol. 1977).

*Nagle Motors v. Volkswagen North Central Distributors, Inc.,*[6] that this proscription is not jurisdictional and because the language of the statute specifically states:

Nor shall a civil action or special proceeding be *maintained* in any court of this state by any foreign corporation or a successor, assignee or grantee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this state *at a time when such corporation was without such certificate of authority until a certificate of authority has been obtained by such corporation or, in the case of a successor, assignee or grantee of such corporation, until all fees which were payable by such corporation under this chapter not exceeding the maximum sum of $300 have been paid.*[7] [Emphasis added.]

■

It is obvious from this clear and unambiguous language that once the Wisconsin certification fees are paid and the foreign corporation is registered,[8] the impediments to sue and defend suits are immediately removed.

■

In this case, however, the Lowe and Kaminski notice of appeal was filed in the trial court on September 14, 1983. The required foreign corporation certificate of registration, to allow South Carolina to sue and defend suits against it, which is found in the appendix to its appellate brief, was issued by the Wisconsin secretary of state's office on September 21, 1983. While registration was before South Carolina filed its notice of appeal on October 6, 1983, it is obvious that the certificate postdates Lowe's and Kaminski's notice of appeal and cannot be part of the record before the trial court. An appellate court can only review matters of record in the trial court and cannot consider new matter attached to

---

[6] 51 Wis. 2d 413, 420, 187 N.W.2d 374, 380 (1971).

[7] Sec. 180.847(1), Stats.

[8] Secs. 180.801 and 180.813–.819, Stats.

an appellate brief outside that record.[9] We therefore must reject South Carolina's registration for two reasons. First, it is outside the trial court record and second, it postdates Lowe's and Kaminski's notice of appeal. Therefore, the trial court was correct in dismissing South Carolina's foreclosure. The judgment of the trial court dismissing the foreclosure action is affirmed.

Lowe and Kaminski cross appeal on the basis that the trial court erred in dismissing their cross complaint. It must be noted, however, that the trial court did establish the priority of lien claims as requested under the cross complaints. The court placed South Carolina second in priority of claims to Girard Bank. Lowe's and Kaminski's judgment liens were placed behind the interests of Girard Bank and South Carolina. The trial court reasoned that regardless of South Carolina's certificate/registration impediment the validity of its mortgage contract was not impaired.[10] What Lowe and Kaminski really sought in the trial court, and what they would have this court do, is to totally reject South Carolina's priority position because it was a noncertificate-holding foreign corporation. Neither court can accommodate Lowe and Kaminski.[11]

Regardless of whether the trial court was incorrect in dismissing the various cross complaints, the court's priority listing, at least as far as placing South Carolina

[9] *Keplin v. Hardware Mut. Casualty Co.*, 24 Wis. 2d 319, 326, 129 N.W.2d 321, 324 (1964).

[10] *See* sec. 180.847(2), Stats. "The failure of a foreign corporation to obtain a certificate of authority to transact business in this state shall not impair the validity of any contract or act of such corporation or of its title to property in this state."

[11] *See* Comment, *Judgment Lien Claimants' Rights Against Homestead Exemption Interests: An Equitable Distribution of Mortgage Foreclosure Sale Proceeds*, 4 Wis. L. Rev. 697, 699–700 (1981).

in a secondary position behind the Girard Bank claim and before the Lowe and Kaminski claims, was correct. An unregistered foreign corporation's inability to prosecute or defend court claims because of nonregistration does not impair the validity of its contracts or of its title to or interest in the property in this state.[12] The legislature's adoption of sec. 180.847(2), Stats., by its clear and unequivocal language, voided all prior Wisconsin case law holding that all contracts of unregistered/ uncertified foreign corporations were invalid. The contracts of and the interest in property of these types of corporations are now valid by statute. The determination of South Carolina's secondary priority claim position by its recorded mortgage is affirmed.

*By the Court.*—Order affirmed.

