**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**May 19, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP769-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2016CF4508

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MARCUS A. MILLER,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County:  DENNIS R. CIMPL, Judge.  *Affirmed*.

Before Brash, P.J., Dugan and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Marcus A. Miller appeals from a judgment of conviction for two counts of robbery of a financial institution and one count of attempted robbery of a financial institution, all as a party to a crime. *See* WIS. STAT. §§ 943.87, 939.32, and 939.05 (2015-16).[1]  Miller, who was found guilty of these crimes after a trial to the court, also appeals from an order denying his postconviction motion seeking a new trial. Miller argues that he is entitled to a new trial because his trial counsel provided ineffective assistance by failing to serve the State with a statutory discovery demand pursuant to WIS. STAT. § 971.23, which Miller claims prevented trial counsel from moving to prevent the testimony of two witnesses. We affirm.

## BACKGROUND

¶2    Miller was charged with being one of several young men who robbed two financial institutions and attempted to rob a third. After Miller waived his right to a jury trial, the case was tried to the court. At trial, it was undisputed that several men robbed or attempted to rob the three financial institutions. In fact, the State presented video evidence of each crime. At issue was whether Miller was one of the young men who participated in the crimes.

¶3    The trial court found that Miller was the young man who wore a red hoodie during each of these crimes. After finding Miller guilty as charged, the trial court sentenced Miller to three consecutive terms of imprisonment totaling ten years of initial confinement and nine years of extended supervision. The trial court also

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

made Miller eligible for the Challenge Incarceration Program and the Wisconsin Substance Abuse Program after he served seven years of initial confinement.

¶4     Represented by postconviction counsel, Miller filed a postconviction motion seeking a new trial based on ineffective assistance of trial counsel. Miller alleged that his trial counsel provided ineffective assistance by failing to serve the State with a statutory discovery demand pursuant to WIS. STAT. § 971.23. The motion asserted that if trial counsel had "done so, then he would have been able to legally object" to the testimony of two witnesses—bank teller T.S. and probation agent Melody Wynn—on grounds that the State failed to list them on the witness list it filed prior to the trial.

¶5     The postconviction motion was based on a witness list issue that arose on the first day of the court trial. Immediately after the case was called, the State told the trial court: "Judge, I've got an issue. One of the tellers … was not on the witness list—I'm not sure why—she's the sole teller that's made a positive ID through the use of a photo array." The trial court asked if the witness was present and the State responded: "She's not here. Clearly, she's an important witness for the State. We can make attempts to get her here. I don't know if [the] defense would object if she wasn't on the witness list. She was obviously in the police reports." In response, the trial court said: "Then we're going to go ahead. Get her here. Let's start the trial. I've given you a whole day. I'm not going to adjourn this thing." Thereafter, the State began calling witnesses and the trial proceeded.

¶6     Later in the day, the State called the bank teller, T.S., to the stand. The parties then had this exchange about T.S. and Wynn, who was also not on the State's witness list:

3

THE COURT: [T.S. is] the woman that's not on your list, right?

[State]: Correct.

[Trial counsel]: For the sake of the record, we're well aware of her. We've seen her in the police reports. I talked with the prosecutor about her, so there's absolutely no surprise whatsoever about her being a witness.

THE COURT: Okay.

[State]: And Judge, another—

THE COURT: If you had objected, I would have ruled that you had notice that she was going to be a witness based upon the police reports, and I would have allowed it in if you had objected.

[State]: Judge, a similar issue. I don't know how it's going to resolve at this point. There is a probation agent, a Melody Wynn … who was listed in the police reports. Defense and I have talked about her. With the great number of witnesses in this case, she was not on the witness list either. We're making efforts to get her here. I don't know if that will be successful or not, but.

THE COURT: Well, Melody Wynn, she's a juvenile probation agent out of Lincoln Hills…. [S]he's mentioned in the complaint as well as the police reports. And again, I'll rule that [the] defense has had notice of her…. To finish my thought. I would allow her to testify too.

Trial counsel did not object to the testimony of either T.S. or Wynn on grounds that they were not on the State's witness list.

¶7    In his postconviction motion, Miller faulted trial counsel for not making a statutory discovery demand pursuant to WIS. STAT. § 971.23. Miller asserted: "[T]rial counsel had never filed or served a statutory discovery demand in this matter. There is no indication that [trial counsel] ever served such a demand upon the State." (Some capitalization omitted.) Miller further asserted: "Trial counsel did not object. This, because [trial counsel] had failed to file the statutory

4

discovery demand." (Some capitalization omitted.) Miller argued that trial counsel's performance was deficient and that he was prejudiced because the witnesses would have been excluded from testifying pursuant to WIS. STAT. § 971.23(7m), which states:

> **(7m)** SANCTIONS FOR FAILURE TO COMPLY.
>
> **(a)** The court shall exclude any witness not listed or evidence not presented for inspection or copying required by this section, unless good cause is shown for failure to comply. The court may in appropriate cases grant the opposing party a recess or a continuance.
>
> **(b)** In addition to or in lieu of any sanction specified in par. (a), a court may, subject to sub. (3), advise the jury of any failure or refusal to disclose material or information required to be disclosed under sub. (1) or (2m), or of any untimely disclosure of material or information required to be disclosed under sub. (1) or (2m).

¶8    The trial court denied the postconviction motion in a written order, without holding an evidentiary hearing. In its order, the trial court questioned whether the motion demonstrated that trial counsel actually failed to make a discovery demand, noting that the "motion appears to be based solely on the fact that there is not a copy of a demand for discovery in the court file." The trial court stated that even if it were to assume that trial counsel did, in fact, fail to make a formal discovery demand, Miller was not entitled to relief because he had not shown that he was prejudiced by trial counsel's alleged deficient performance. Specifically, the trial court concluded that Miller was not prejudiced because the existence of T.S. and Wynn was disclosed in the police reports and discovery and,

5

therefore, the trial court would not have excluded them as witnesses.[2]  This appeal follows.

## DISCUSSION

¶9      Miller seeks a new trial on grounds of ineffective assistance of trial counsel.  When evaluating claims of ineffective assistance of counsel, this court applies the two-part analysis described in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced his or her defense.  *Id.*  A court need not address both aspects of the *Strickland* test if the defendant does not make a sufficient showing on either one.  *See id.* at 697.

¶10     To demonstrate that counsel's performance was deficient, the defendant must point to specific acts or omissions by the lawyer that are "outside the wide range of professionally competent assistance."  *Id.* at 690.  To show prejudice, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.

¶11     On appeal, our review of a claim of ineffective assistance of counsel presents a mixed question of fact and law.  *State v. Thiel*, 2003 WI 111, ¶21, 264 Wis. 2d 571, 665 N.W.2d 305.  We will uphold the postconviction court's factual findings unless they are clearly erroneous, but we review *de novo* the question of

---

[2]  Although the trial court's decision did not mention it, we note that the detective who testified at the preliminary hearing identified both T.S. and Wynn by name and summarized the statements they gave to the police.

"[w]hether counsel's performance satisfies the constitutional standard for ineffective assistance of counsel." *Id.*

¶12    Here, the trial court denied Miller's postconviction motion without first holding a *Machner* hearing concerning trial counsel's alleged ineffectiveness.[3] A trial court has discretion to deny a postconviction motion without an evidentiary hearing "if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief[.]" *See State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. On appeal, we independently review whether a postconviction motion raised sufficient facts so as to require a *Machner* hearing. *See Allen*, 274 Wis. 2d 568, ¶9.

¶13    With those standards in mind, we begin our analysis of Miller's postconviction motion and, in particular, the deficiency prong of the *Strickland* test. We conclude that Miller was not entitled to a hearing on his postconviction motion because he presented only conclusory allegations concerning whether trial counsel failed to make a statutory demand for discovery and, for that reason, chose not to object to the two witnesses.

¶14    As the trial court noted in its written decision, the postconviction motion appeared to assume that trial counsel did not make a discovery request because postconviction counsel did not find a copy of the demand in the court file. The trial court observed:

> This mere fact alone is an insufficient basis upon which to assume no discovery demand was made, particularly given the multiple references in the record to discovery being turned over by the State.… Postconviction counsel offers no

---

[3]  *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

indication of whether he inquired of trial counsel or the State to determine whether a discovery demand was served outside of the record, raising the question of whether adequate due diligence was conducted before the filing of this motion.

In Miller's appellate brief, postconviction counsel addresses the trial court's statement as follows:

> [The trial court stated] that there is no indication in the motion for postconviction relief as to whether or not postconviction counsel had ever contacted either trial counsel, or the State, concerning whether or not trial counsel had ever served the State with a discovery demand, outside of the record. However, the undersigned had been postconviction counsel. As an officer of the court, the undersigned will attest that he *did* contact trial counsel prior to filing the motion for postconviction relief. This, concerning obtaining trial counsel's case file. Pursuant to this request, trial counsel had provided the undersigned with his entire case file. Prior to the filing of the motion for postconviction relief, postconviction counsel had reviewed that entire case file. There is no discovery demand in that file. Hence, the undersigned reasonably had presumed that, had trial counsel served such a demand, then there would have been such a demand in the file. Postconviction counsel has no reason to believe that trial counsel would have intentionally, or negligently, omitted such a document from the case file. Hence, contrary to the trial court, the undersigned reasonably believes that he *had* conducted reasonable diligence concerning whether or not trial counsel had served a statutory discovery demand upon the State.

(Some formatting altered.)

¶15 This court generally does not consider factual assertions made for the first time on appeal. *See* **South Carolina Equip., Inc. v. Sheedy**, 120 Wis. 2d 119, 125-26, 353 N.W.2d 63 (Ct. App. 1984) (an appellate court cannot consider material outside the record). Even if we were to accept postconviction counsel's assertions, they would not change our conclusion that the postconviction motion's assertion that trial counsel did not make a discovery demand was conclusory and insufficient

to warrant an evidentiary hearing. It appears that neither trial counsel nor the State were specifically asked whether a discovery request was made. A conclusory allegation that a demand must not have been made because it is not in the court file or in trial counsel's case file is insufficient to warrant a hearing.

¶16 The postconviction motion also fails to warrant a hearing because it offered only conclusory allegations with respect to trial counsel's decision not to object to allowing T.S. and Wynn to serve as witnesses. As noted above, the motion stated: "[O]n the day of trial, the State had indicated that it had two additional witnesses for trial that were not on either of these two witness lists. Trial counsel did not object. This, because he had failed to file the statutory discovery demand." (Some capitalization omitted.) There is nothing in the motion to support the bald assertion that trial counsel decided not to object because: (1) he was aware that he had not made a discovery demand; and (2) based on the lack of such a demand, he believed there would be no legal basis to object to testimony from T.S. and Wynn.[4] For instance, the motion does not indicate that postconviction counsel asked trial counsel whether he believed he would have been able to block their testimony if he had made a discovery demand or whether there was a strategic reason he chose not to object to the two witnesses.

¶17 In summary, we conclude that the postconviction motion's conclusory allegations concerning the deficiency prong of the ineffective assistance test were insufficient to warrant an evidentiary hearing or relief. *See* ***Allen***, 274 Wis. 2d 568, ¶9. Therefore, we need not consider the parties' arguments with respect to prejudice, including whether exclusion of the testimony of T.S. and Wynn would

---

[4] Not only did trial counsel not object, he affirmatively indicated that he was aware the State planned to call T.S. as a witness, implying he had no concerns with her testifying.

have been mandatory under WIS. STAT. § 971.23(7m).  *See **Strickland***, 466 U.S. at 697.  We affirm both the trial court's order denying the postconviction motion and the judgment of conviction.

*By the Court.*—Judgment and order affirmed

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.