COURT OF APPEALS
DECISION
DATED AND FILED

September 30, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.  **2024AP1888**

Cir. Ct. No. **2023SC29632**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

VERONICA MORGAN,

PLAINTIFF-APPELLANT,

V.

WISCONSIN MANAGEMENT COMPANY,

DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Milwaukee County: REYNA I. MORALES, Judge. *Affirmed*.

¶1 DONALD, J.[1] Veronica Morgan, pro se, appeals from a judgment of the circuit court dismissing her claims against her former landlord's property

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

management company, Wisconsin Management Company ("WMC"). Morgan argues that the circuit court erred because its decision was not supported by the evidence. We disagree, and for the following reasons, we affirm.

## BACKGROUND

¶2 On March 10, 2021, Morgan entered into a one-year residential lease agreement with Commonwealth Management Corporation. After the lease's term expired, Morgan asked WMC—Commonwealth's property management company—if she could rent her apartment on a month-to-month basis instead of annually due to her concerns about the continued presence of smoke in the apartment complex. WMC agreed to let Morgan continue renting on a month-to-month basis.

¶3 Morgan failed to pay the rent due for July and August of 2022. On August 8, 2022, WMC personally delivered Morgan a five day notice to quit or pay her unpaid rent balance of $1,746.00 and Morgan subsequently paid $500.00 of the outstanding balance. On August 17, 2022, WMC sent Morgan a "30 Day Notice of Non-Renewal" which required Morgan to vacate by September 17, 2022, and cited Morgan's nonpayment of rent as the reason for nonrenewal. Morgan vacated the apartment on October 24, 2022.

¶4 On July 11, 2023, Morgan filed a summons and complaint alleging that WMC breached the lease agreement because it failed to enforce the apartment complex's no-smoking policy.[2] To support her claim, Morgan submitted evidence

---

[2] Morgan filed the summons and complaint in Ozaukee County. WMC moved for a change of venue which was granted, and the venue was transferred to Milwaukee County.

including the "Smoke Free Property Addendum" to her lease.[3]   This addendum provided that the premises were a "no-smoking living environment," and in furtherance of this no-smoking policy the landlord would "take reasonable steps to enforce" it including posting no-smoking signage.  The addendum also disclaimed that the landlord "cannot and does not warranty or promise that the rental premises or common areas will be free from secondhand smoke," and that the landlord's "ability to police, monitor, or enforce" the no-smoking policy is "dependent in significant part on voluntary compliance[.]"

¶5      The case proceeded to a court trial during which Morgan maintained that WMC did nothing to address the tenants smoking within the apartment complex.  Morgan also argued that WMC's refusal to renew her lease was in retaliation for asking to rent on a month-to-month basis due to her concerns over other tenants continuing to smoke in the complex.  The circuit court considered the parties' arguments, testimony from Morgan, and all the evidence submitted by both parties which included the Smoke Free Property Addendum, no-smoking signage, a letter sent from WMC to the tenants of the apartment complex reminding them about the no-smoking policy, WMC's ledger detailing Morgan's payments, and communications between Morgan and WMC.

¶6      The circuit court found that WMC enforced the no-smoking policy and cannot be held liable for the actions of tenants outside of its control.  The court also considered and rejected Morgan's retaliatory eviction argument.  The

---

[3] We note that the Smoke Free Property Addendum in the record is unsigned and dated February 28, 2022. At trial when presented with the Smoke Free Property Addendum Morgan confirmed that "this was the addendum to [her] lease" and neither party disputed its applicability before the circuit court.

3

court stated that retaliatory eviction under WIS. STAT. § 704.45 does not apply here because there were no issues with untenantability or complaints about building or housing codes that would be required to support a retaliatory eviction claim. The court further found that Morgan's failure to timely pay rent was the cause of the nonrenewal.

¶7 Morgan appeals.

## DISCUSSION

¶8 On appeal Morgan challenges the sufficiency of the evidence supporting the circuit court's decision.

¶9 We independently review whether the circuit court's factual findings constitute a breach of contract. *Prent Corp. v. Martek Holdings, Inc.*, 2000 WI App 194, ¶9, 238 Wis. 2d 777, 618 N.W.2d 201. We will not disturb the circuit court's factual findings unless they are clearly erroneous. WIS. STAT. § 805.17(2). "[A] finding of fact is clearly erroneous when 'it is against the great weight and clear preponderance of the evidence.'" *Phelps v. Physicians Ins. Co. of Wis.*, 2009 WI 74, ¶39, 319 Wis. 2d 1, 768 N.W.2d 615 (citation omitted). "We will search the record for evidence to support the findings that the [circuit] court made, not for findings that the [circuit] court could have made but did not." *Global Steel Prods. Corp. v. Ecklund*, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269.

¶10 Upon review of the record, we conclude that the circuit court's findings are sufficiently supported by the evidence. At trial, WMC presented a no-smoking sign that it had placed in the apartment complex as well as an email from Morgan recognizing that the sign had been hung up. WMC also presented an

email it had sent to Morgan in response to her concerns in which WMC stated that it "has been doing everything possible to eliminate smoking" and that "[f]rom our discussion, it seems the issue occurs after the on-site staff is gone. If you [k]now specifically where it is coming from, please let us know." Additionally, the record contains a copy of a letter dated November 1, 2021, that WMC sent to its tenants. The letter informed the tenants that WMC was receiving complaints about smoking in the apartment complex and emphasized that smoking was a violation of the tenants' leases.

¶11 Morgan argues that "if the policy was enforced the property would have been smoke free" and that "the entire property is stated in the lease to be smoke free." However, the only mention of a smoke free policy in the lease is in the Smoke Free Property Addendum which also disclaims that the landlord "cannot and does not warranty or promise that the rental premises or common areas will be free from secondhand smoke." Ultimately, the record supports that WMC took the requisite reasonable steps to enforce the no smoking policy even if those steps were not entirely successful in preventing tenants from continuing to smoke in violation of the policy. Thus we conclude that the evidence supports the circuit court's decision.

¶12 The evidence also supports the circuit court's rejection of Morgan's retaliatory eviction claim under WIS. STAT. § 704.45.[4] The August 17, 2022

---

[4] WISCONSIN STAT. § 704.45(1) prohibits the landlord from refusing to renew a lease based on the landlord's retaliation against the tenant for "[m]aking a good faith complaint about a defect in the premises to an elected public official or a local housing code enforcement agency"; complaining about the landlord's failure to maintain the tenantability of the premises pursuant to WIS. STAT. § 704.07, "or a local housing code applicable to the premises"; or "[e]xercising a legal right relating to residential tenancies." *See also* WIS. ADMIN. CODE § ATCP 134.09(5) (through August 2025).

nonrenewal notice WMC sent to Morgan specified that Morgan's failure to timely pay rent was the reason for the nonrenewal, and Morgan admitted at trial that she did not pay her rent for July and did not fully pay her rent for August.[5] Thus, the court's finding that the nonrenewal was based on Morgan's failure to timely pay rent was supported by the evidence.[6]

¶13 Finally, for the first time on appeal, Morgan states that she never agreed to the Smoke Free Property Addendum and instead how WMC advertised her apartment constituted a guarantee that her apartment complex would be smoke free. We generally do not consider arguments that were not raised before the circuit court. *State v. Caban*, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997). Furthermore, there is no evidence of WMC's advertisements in the record. Therefore, we do not consider Morgan's arguments premised on WMC's advertising further. *See South Carolina Equip., Inc. v. Sheedy*, 120 Wis. 2d 119, 125-26, 353 N.W.2d 63 (Ct. App. 1984) (explaining that this court can only review the matters of record in the circuit court and cannot consider new material presented in appellate briefs). To the extent that Morgan has raised additional arguments that we have not expressly addressed above, including references to arguments regarding fraud, we reject her arguments as undeveloped and not properly supported by legal authority. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

---

[5] We note that Morgan disputed the precise amount she owed WMC including whether she owed any money for the October rent. The exact amount Morgan owed WMC is immaterial to the issues on appeal.

[6] Morgan also argues that WMC's counsel "willfully lied, misrepresented and misled" the circuit court because the court's interpretation of the evidence surrounding her retaliatory eviction claim was erroneous. Because we conclude that the record supports the court's finding, we reject Morgan's argument.

## CONCLUSION

¶14    For the foregoing reasons, we conclude that the circuit court's decision is supported by the evidence in the record.  Accordingly, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)4.